ALLEN *against* GRAY and others.          11  95
                                          75 355

The return of an officer upon a warrant issued by a grand-juror, is *prima fa-*
   *cie* evidence of an arrest under such warrant, as against the grand-juror,
   as well as against the officer.

The voting in an ecclesiastical society meeting, by a person not a member
   thereof, is an offence, which a grand-juror has no authority to prosecute.

Process issued on the complaint of a grand-juror, for such offence, is not merely erroneous, but void; and the grand-juror who made the complaint, the magistrate who issued the warrant, and the officer who served it, are liable in trespass.

The distinction is between erroneous and irregular process: in the former case, no one is liable; but in the latter, there is no judgment, because there is no jurisdiction and no judge.

THIS was an action of trespass *vi et armis* and false imprisonment; to which the defendants pleaded, severally, *Not guilty,* with notice that they should give in evidence the following facts: That *Ebenezer M. Webb,* one of the defendants, was, at the time of the alleged trespasses, a grand-juror of the town of *Lisbon,* duly appointed and qualified, and in that capacity, by authority of law, assisted in arresting the plaintiff; that *John Gray,* another of the defendants, was, at that time, a justice of the peace, for the county of *New-London,* and in that capacity, acted according to law in holding the plaintiff to a trial on a complaint and warrant legally made and issued against him; and that *Nathan Brewster,* the other defendant, was, at the same time, a constable of the town of *Lisbon,* and as such, executed, according to law, a warrant, legally made and signed by proper authority, directing him to arrest the plaintiff for an offence against the law of the state.

The cause was tried at *New-London, September* term, 1834, before *Bissell,* J.

The plaintiff gave in evidence the record of a judgment rendered by *Gray* against him the plaintiff, accompanied by proof, that in virtue of the warrant therein set forth, he was arrested and held in custody until he had paid the sum of 10 dollars, 81 cents. The complaint was signed by *Webb,* as grand-juror, and addressed to *Gray,* as a justice of the peace, alleging, that *Allen,* the present plaintiff, "at *Lisbon,* in *New-London* county, on the 3d day of *December,* 1832, in a society meeting of the *Hanover* ecclesiastical society, did vote in said meeting, which he had no right to do, for that he was not a member of said society," *contra formam statuti,* &c. Subjoined to this complaint was a warrant, signed by *Gray,* as a justice of the peace; and a return thereon, signed by *Brewster,* as constable, in these words: "*New-London* county, *ss. Lisbon, December* 18th, 1832. Then, by virtue hereof, I arrested the body of the within-named *Pratt Allen,* read this process in his hearing,

and have him here in court." Justice *Gray*, after a trial be- <span style="float:right">*New-London,* July, 1835.</span>
fore him, found *Allen* guilty, and fined him 2 dollars, 50 cents,
with costs, amounting in the whole, to 10 dollars, 81 cents.
The official character of *Webb*, as a grand-juror, of *Gray*, as
a justice of the peace, and of *Brewster*, as an officer, was ad-
mitted ; and the defendants claimed, that all the acts done by
them, were done in the exercise of those offices respectively.
The plaintiff claimed, that the complaint and warrant were
void, and constituted no justification of the acts complained of;
and that the defendants were liable as trespassers. The de-
fendants, on the other hand, insisted, that the complaint and
warrant were valid in the law, and were to them a sufficient
justification ; and prayed the court so to instruct the jury. The
defendant, *Webb*, also insisted, that there being no evidence to
shew, that he had procured the arrest of the plaintiff, or had
done any other act than merely the signing of the complaint,
he could not be found guilty ; and prayed the court so to in-
struct the jury.

Allen
*v*
Gray.

The court charged the jury, that the grand-juror had
no right by law to prefer said complaint; that the complaint
and warrant were void ; and that if they were satisfied, that
under such complaint and warrant the plaintiff had been ar-
rested and held in custody, they ought to find a verdict against
all the defendants; and that the return of the officer was
*prima facie* evidence that such arrest was made.

The plaintiff had a verdict; and the defendants moved for a
new trial for a misdirection.

*Child* and *Foster*, in support of the motion, contended,
1. That the process given in evidence on the trial, was good and
valid. The act of voting in society meeting, by one not a
member of the society, is an offence against the laws of this
state. *Stat.* 434, 5. *tit.* 94. *s.* 8. It is an offence, too, that
grand-jurors may and ought to enquire after and make pre-
sentment of. *Stat.* 259. 260. *tit.* 45. *s.* 2. 4. re-enacted in the
criminal code revised in 1830, *s.* 129. The 133d section of
that code is taken from *Stat.* 170. *tit.* 22. *s.* 91. This section
is not found in any edition prior to 1821 ; and without it, grand-
jurors had power, by the common law, to prosecute for offences
of this description. This section contains no new grant of
power ; creates no new duty ; but simply makes, in certain

*New-London,*
*July, 1835.*

*Allen*
*v.*
*Gray.*

cases, a new disposition of the penalty. It does not include the offence of voting in society meeting contrary to law, but leaves that act and the penalty for the violation of it to the existing laws. Under those laws grand-jurors were authorized and required to prosecute such offences. 2 *Stat.* 281. *s.* 132. *Com. Dig. tit.* Information. A 3. *The King* v. *Hymen,* 7 *Term Rep.* 532. 3 *Bla. Com.* 161. 4 *Bla. Com.* 309. *Rex* v. *Wilkes,* 4 *Burr.* 2555. 1 *Chitt. C. L.* 843. 1 *Sw. Dig.* 586.

2. That if the proceeding by complaint was not the proper and legal mode, the process still is but *erroneous,* not void ; for the court had jurisdiction of the person, subject matter, and the process. *The Marshalsea* case, 10 *Rep.* 76. *b.* *Grumon* v. *Raymond,* 1 *Conn. Rep.* 45. *The United States* v. *Simms,* 1 *Cranch* 252. *The State* v. *Franklin,* 9 *Conn. Rep.* 32. First, that the court had jurisdiction of the person, is unquestionable. Secondly, it had also jurisdiction of the subject matter, which was voting in society meeting, not being a member of the society. The penalty is two dollars, fifty cents, clearly within the jurisdiction of a justice of the peace. Thirdly, the court had also jurisdiction of the process ; for it was a warrant, grounded on a complaint, preferred, in due form, on oath, by a grand-juror, for an offence cognizable by a justice of the peace. That there was error in the application of the process, does not render it void. 1 *Sw. Dig.* 498. 546. *Phelps* v. *Sill,* 1 *Day* 329. *Henderson* v. *Brown,* 1 *Caines,* 102, 3. *Butler* v. *Potter,* 17 *Johns. Rep.* 148.

3. That the charge was incorrect in holding the return of the officer to be *prima facie* evidence of the arrest, as against all the defendants. It was not evidence against *Webb* and *Gray.*

*Goddard* and *Strong,* contended, 1. That the complaint of *Webb,* as grand-juror, furnished no ground for the process against *Allen,* the present plaintiff. The statute creating the offence and providing the mode of prosecution, gives no authority to a grand-juror to prosecute ; (*Stat.* 334, 5.) and the statute of 1830, *s.* 133. gives the authority in those cases only where the fine goes to the state, or town treasury. The authority to institute this prosecution must be derived wholly from the statute ; and this being a proceeding against the li-

berty of the citizen, the authority must be clearly manifest. *Const. Conn. art.* 1. *s.* 10.

2. That the complaint laying no sufficient foundation for this prosecution, *Gray* who ordered, and *Webb* who requested the arrest, as well as *Brewster,* who made it, are all liable as trespassers. 1 *Sw. Dig.* 479. 529. *Saund. Ev. & Pl.* 316. 443. *Com. Dig. tit.* Trespass. C. 1. *Britton* v. *Cole,* 1 *Salk.* 408. *Rowe* & ux. v. *Tuttle* & al. *Willes* 14. *Rogers* v. *Jones,* 3 *Barn. & Cres.* 409. (10 *Serg. & Lowb.* 134.) *Grumon* v. *Raymond,* 1 *Conn. Rep.* 40. *Slocum* v. *Wheeler* & al. 1 *Conn. Rep.* 429. *Tracy* v. *Williams,* 4 *Conn. Rep.* 107. 113. *Elsee* v. *Smith,* in err. 1 *Dowl. & Ryl.* 97. (16 *Serg. & Lowb.* 19.) S. C. 2 *Chitt. Rep.* 304. (18 *Serg. & Lowb.* 344.) *Flewster* v. *Royle,* 1 *Campb.* 187.

3. That an officer's return is, in all cases, *prima facie* evidence of the facts therein stated.

BISSELL, J. It was urged, in the court below, that the return of the officer upon the warrant, furnished no evidence against *Webb,* the grand-juror. The jury were instructed, that the return was *prima facie* evidence that the arrest was made. This decision is in conformity to the well settled rule upon this subject ; and, indeed, the point has not been much insisted on, before this court.

The jury having found, that the plaintiff was arrested and held to trial, the only question involved in the charge, is, whether the process, set forth in the motion, furnishes a ground of justification to the defendants, or either of them.

The process issued upon the complaint of a grand-juror, for voting in a society meeting, contrary to law.

The statute upon this subject, after prescribing who may legally vote in a society meeting, enacts, " that if any person, not a member of the society or congregation, shall intermeddle or vote in any meeting thereof, he shall forfeit and pay the sum of two dollars and fifty cents, one half to the complainant who shall prosecute the same to effect, and the other half to the treasury of the society or congregation where the offence is committed." *Stat.* 434. *tit.* 94. *s.* 8.

The complaint in question was predicated upon this statute : and the first enquiry which arises, is, whether this be an offence

within the cognizance of a grand-juror, and of which he is authorized to complain?

It may here be remarked, that the legislature have made ample provision for the prosecution of this offence, by giving the right of complaint to a common informer, and dividing the penalty between him and the treasury of the society. There would seem to be no danger that the rights of the society can suffer materially, while the means of redress are so completely in their own power.

It should further be remarked, that the statute before us gives no authority to a grand-juror to make complaint. And as the offence is created by statute, and as, in the same section, which creates the offence, a mode of prosecution is prescribed; the inference would seem to be strong, if not conclusive, that the legislature did not intend, that any other mode should be adopted. At any rate, the grand-juror derives no authority, either expressly or impliedly, from the statute under consideration: and if he be authorised to complain, such authority must be embraced within the general powers, derived from the statutes.

It has been contended, that he has such authority, and thus derived. It is said, that the act relating to grand-jurors, provides, that it shall be their duty diligently to enquire after, and to make due presentment of *all crimes and misdemeanors,* that shall come to their knowledge. It is admitted, that the terms of this statute are very broad; and that the powers conferred by it, are very general.

But the statute is to receive a reasonable construction; and it is especially to be construed with reference to other statutes regarding the same subject matter. The question is, whether by the terms " *all crimes and misdemeanors,*" as here used, the legislature intended to designate every offence which might be committed against the rights of an individual, or of a corporation? We have a number of statutes regarding cities and boroughs, empowering them to make by-laws, and to inflict penalties for a breach of those laws. A violation of a city by-law is an offence against that corporation, and is visited with a penalty. But is it a crime or misdemeanor, within the meaning of the statute; and has a grand-juror authority to complain for the infraction of a city by-law? The act regulating fisheries forbids the taking of fish in *Connecticut* river,

*New-London,*
July, 1835.

Allen
*v.*
Gray.

but within the times, and under the restrictions specified in the act. It then provides that all boats, seines and nets, used in fishing contrary to the act, shall be forfeited to him or them who shall complain, and inform, and shall prosecute his or their information to effect. This is the mode of prosecution pointed out ; and was it ever supposed, that a grand-juror was authorised to complain of a violation of this statute ?

It has been contended, and authorities have been cited to prove, that where a suit and a part of the penalty are given to a common informer, a prosecution, by an informing officer, may also be sustained. This, to a certain extent, is undoubtedly true. But we think the cases in which this may be done are limited and defined by statute.

The statute concerning crimes and punishments (*sect.* 133.) provides, that in all cases " where a fine, penalty, or forfeiture is, or may be provided or inflicted, by any statute of this state, as a punishment for any offence ; and one moiety, or any other part thereof, is given to the person or persons aggrieved, or to him or them who shall sue for and prosecute the same to effect, and the other moiety, or part thereof, to the state, county, or town treasury ; it shall be the duty of the proper informing officers to make presentment of such offence, to the court having cognizance thereof ; and in case of conviction on such presentment, the whole of such fine, penalty, or forfeiture, shall go and belong to the state, county, or town treasury, as the case may be."

This statute, in our view, contains not merely a grant, but a limitation of the powers of informing officers. In the cases specified, they may prosecute, and provision is made for the disposition of the penalty. Is not the inference irresistible, that *in other cases*, where a suit is given to a common informer, informing officers may not prosecute ? And is not the maxim " *expressio unius exclusio est alterius*," strictly applicable ? Where, it may be asked, is the penalty to go, in the case under consideration ? Can the justice adjudge the whole of it to the treasury of the society ? And where is his authority for so doing ? Certain it is, that the statute gives him no such authority. The statute recognises the great divisions of the state, and provides, that offences against their rights may be prosecuted, by an informing officer. But with regard to the minor divisions, such as societies, school districts, &c. no such pro-

vision is made. They are left to protect their rights, either through the medium of a common informer, or in some other mode.

From these considerations, we are of opinion, that the grand-juror had no authority to prefer the complaint in question. This being so, the next enquiry is, what is the character of the process, in virtue of which the plaintiff was arrested ? And this enquiry would seem to be of easy solution.

It has, indeed, been contended, that the process is, at most, erroneous, and not void. And in support of this position, it is said, that the justice had jurisdiction of the offence, of the person, and of the process. There is no doubt, that the offence was within his jurisdiction. He had also jurisdiction of the person, if it were brought before him, on a proper warrant. Was it thus brought ? Or, in other words, had the justice jurisdiction of the process ? Had he any right to issue this warrant ? If the grand-juror had no authority to prefer the complaint, it would seem to follow, as a necessary consequence, that no complaint was ever made to the justice. The mere fact that the complainant was a grand-juror, is of no manner of importance. He might as well have been a tithing-man, or one of the society's committee. The process, then, was issued without complaint : and the only question is, whether such a process be void ? And this question would seem to be too well settled, both on the ground of principle and authority, to admit of dispute. For although the justice had jurisdiction of the offence, and a right to issue process against the person of the plaintiff, he had no jurisdiction of this cause : an essential prerequisite was wanting : there was no complaint. He was no judge ; and the proceedings were utterly void. *Grumon* v. *Raymond*, 1 *Conn. Rep.* 40. *Slocum* v. *Wheeler*, 1 *Conn. Rep.* 452. *Tracy* v. *Williams*, 4 *Conn. Rep.* 113. *Martin* v. *Marshall*, *Hob.* 63. *Perkins* v. *Proctor* & al. 2 *Wils.* 386. *Morgan* v. *Hughes*, 2 *Term Rep.* 225. *Smith* v. *Boucher*, 2 *Stra.* 933. *Com. Dig. tit.* Trespass. C. 1. *Bac. Abr. tit.* Trespass. D. 2.

The only remaining enquiry is, whether the defendants are liable, in this action ?

The defendant, *Webb*, preferred the complaint, and prayed that process might issue upon it. *Gray*, the other defendant, issued the process, and in so doing, he acted *ministerially*. It

has been shown, that he had no right to issue such a process; and that all the proceedings were *coram non judice* and void. It would seem to follow, as a necessary consequence, that the defendants are liable. The plaintiff having been arrested, by the act of the defendants, they are put upon their justification; and it surely is not easy to see how a process utterly void should afford any ground of justification.

It has, indeed, been said, that if the defendants are liable in this case, a magistrate may be subjected in every case where the complaint on which he acts is insufficient. This consequence by no means follows.—The distinction is between erroneous and irregular process. It surely was never supposed, that a judicial officer was liable for an error in judgment; and on a process merely erroneous, nobody is liable. But if the process be irregular, there is no judgment, because there is no jurisdiction and no judge.

It need only be added, that the authorities which have been adduced to show that the process is void, prove also the liability of the defendants; and that the point now before us was decided, by this court, in the case of *Tracy v. Williams*, already cited.

A majority of the court are of opinion, that the charge on the circuit was correct; and that there be no new trial.

WILLIAMS, Ch. J. and CHURCH, J. concurred in this opinion.

HUNTINGTON, J. gave no opinion.

WAITE, J. dissented, thinking that the process was not void.

New trial not to be granted.