E. R. Driver *vs.* S. J. Cobb,

October Term, 1873.

Officer's return, evidence to impeach.—Upon bill filed to enjoin the execution of a judgment at law on the ground that the judgment-debtor was not summoned to defend the suit, the officer's return that he had executed the summons is *prima facie* evidence of its truth, and the burden of proof is on the complainant to show the contrary, and one witness alone is not sufficient successfully to impeach it.

*E. B. McClanahan*, for complainant.
——— ———, for defendant.

The Chancellor :—The bill is filed to perpetually enjoin the execution of a judgment recovered by the defendant

against the complainant before a justice of the peace, upon. the ground that the complainant was not "summoned nor in any way notified that any suit was pending." The bill is not sworn to by the complainant but by his solicitor. The answer, which is properly sworn to, says that the warrant, on which the judgment was rendered, was returned by the constable, to whom it was issued, with the following endorsement thereon : "Executed, and set for hearing on the 1st day of October, 1869, before P. W. Brien, Esq. (the justice who rendered the judgment), at 10 o'clock. L. C. White, Constable." And the warrant and return are made exhibits to the answer, and relied on as evidence.

Upon this state of the pleadings, the burden of proof is on the complainant, because the return is *prima facie* evidence, being the official act of an officer under the sanction of an oath. *Hyskell* v. *Givin*, 7 Serg. & Rawle, 371 ; *Allen* v. *Gray*, 11 Conn. 95. Nor will one witness alone suffice to successfully impeach the return, for that would only be oath against oath. In analogy to the denials or averments of a sworn answer upon the defendant's knowledge, there should be two witnesses, or one witness with strong corroborating circumstances. And, without reference to this rule, upon general principles it would seem essential to the peace and quiet of society that these solemn official acts should not be set aside with the same ease as an ordinary act *in pais.* Bacon's Abr. Officer, K. ; *Brown* v. *Galloway*, Pet. C. C. 291. It may be otherwise in a direct suit against the officer for a false return ; for in such an action only the party seeking redress, and the person who has done the wrong, if wrong has been done, are before the court. *Goodall* v. *Stuart*, 2 Hen. & Munf. 105, 115 ; *Whitaker* v. *Sumner*, 7 Pick. 551. Whereas, when the act is sought to be impeached as in this case, there being no charge of collusion between the officer and the defendant, an innocent party, who had a right to suppose the officer did his duty, is directly interested. Public policy in sustaining the sanctity of official acts, and the protection of the innocent, require, in

suits like the present, that the return should not be lightly treated, and set aside with the ease of an ordinary act *in pais*.

The testimony relied on by the complainant consists of his own evidence and that of his solicitor. The complainant denies that he had notice of the execution of the warrant. And he and his solicitor undertake to detail a conversation with the constable at the office of the solicitor, where they seem to have taken him for the purpose of confession, in which they understood him to admit that he had not executed the warrant. The complainant deposes as follows: "I then and there in the presence of my solicitor, asked him if he had ever served a writ on me, or intimated that he had one to serve, or by any act conveyed to me that he was an officer, and he replied he had not, but said he had a warrant in his pocket at the time he met me. I asked him why he didn't present it, and he said he did not know, or something to that amount. Shortly after, he left the office." The solicitor, detailing the same interview, says: "I asked him (the officer) in presence of Mr. Driver, if he had served a warrant on Driver, and he said no. I asked him if he showed him a warrant, or notified him in any way that he was an officer. He said he did not, and the only reason he assigned for not serving it was that Driver walked off up the street. Driver and White (the officer) had a good deal of conversation in my presence. Driver asked pretty much the questions I did, but after he was through I quietly asked my questions."

Text writers all agree that the weakest of all testimony is hearsay of the character thus detailed. For the omission or miscollocation of a word, or change of emphasis, may entirely alter the sense, and the coloring of interested witnesses, whose attention is fixed only on what makes for their wishes, is in the highest degree deceptive. A comparison of the details of the same interview as given by the two witnesses proves the correctness of the universal conclusion. They differ as to the interlocutors, the exact words used,

and the length of the badgered officer's stay. And this no doubt honestly, and without the least intention to state other than the truth as each thought he understood it.

It is doubtful whether such testimony, if it stood alone, would outweigh the official return of the officer. But we have the deposition of the officer to the truth of his return, denying the material part of the conversation detailed by the other witnesses, and explaining how it happened that they might have misunderstood him. The complainant has failed to sustain his bill, and it must be dismissed with costs.