**HERMAN SCHWABE, INC., Plaintiff,**

v.

**UNITED SHOE MACHINERY CORP., Defendant.**

No. E. B. D. 58–32.

United States District Court
D. Massachusetts.
May 9, 1958.

James M. Malloy, Boston, Mass., Worth Rowley, Anti-Trust Division, Dept. of Justice, Washington, D. C., for plaintiff.

Jeptha Wade, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The United States has moved to quash a subpoena duces tecum issued in this case which calls for the production of the October, 1947 grand jury transcript of testimony of Herman Schwabe.

■ This subpoena was issued in aid of an action for treble damages under § 2 of the Sherman Act, 15 U.S.C.A. § 2 and §§ 4 and 5 of the Clayton Act, 15 U.S. C.A. §§ 15, 16 for the defendant's alleged violations of the anti-trust laws, in which the plaintiff relies upon the decree of this court in United States v. United Shoe Machinery Corp., 1953, 110 F.Supp. 295, affirmed 347 U.S. 521, 74 S.Ct. 699, 98 L.Ed. 910. The complaint in the government's case against this defendant was the result of an investigation of nearly eighteen months by a Federal grand jury which was thereafter discharged. The government never asked for the return of an indictment or a "No Bill." It merely dismissed the grand jury and initiated a civil action against the defendant and used the evidence obtained in the grand jury proceedings to prove its civil case, which also has long since been terminated. The use of grand jury proceedings to secure evidence intended only to support a possible civil action is frequently resorted to by the Anti-Trust Division of the Department of Justice and, of course, such a practice is open only to the government.

The defendant sought to obtain the same testimony here involved by service of a subpoena duces tecum on the Attorney General, who has custody of a copy of these grand jury minutes. The government's motion to quash that subpoena, brought in the United States District Court for the District of Columbia, was allowed by Judge Holtzoff on the sole ground of lack of jurisdiction. That Court held that "Rule 6(e) [of the Federal Rules of Criminal Procedure, 18 U.S.C.A.] should be construed as meaning that only the Court that has jurisdiction over the grand jury may direct or permit a disclosure of the grand jury minutes." Schwabe, Inc. v. United Shoe Machinery Corp., 21 F.R.D. 233, 235. This is how the case came here.

Schwabe testified before the 1947 grand jury and now says on his deposition that at that time he made statements favorable to the defendant, and which he now claims were false, evasive and incomplete. The testimony on both occasions was, of course, given under oath. The object of the subpoena is only that part of the minutes which includes Schwabe's testimony.

One additional fact needs to be pointed out—counsel for the plaintiff Schwabe was one of the attorneys in the Department of Justice, Anti-Trust Division, who prosecuted the government case against this defendant on which the instant action is based.

■ The Attorney General has filed a formal Claim of Privilege for the transcript of Schwabe's testimony, based on "the established policies underlying non-disclosure of grand jury transcripts." This was apparently filed pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which requires the production of all matters not privileged. In this case, however, I do not think that the Attorney General has a privilege to assert. Rule 6(e) of the Criminal Rules of Civil Procedure, 18

U.S.C.A., imposes no obligation on the Attorney General other than the duty to keep the grand jury's counsel until otherwise directed by a court. Grand jury proceedings are judicial in nature and they are subject to direction by a court, not the Department of Justice, a part of the executive branch of the government. See United States v. Ben Grunstein & Sons Co., D.C.N.J.1955, 137 F.Supp. 197. United States v. Reynolds, 1953, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727, has no application here since that case involved military secrets which have long been recognized as being privileged. See cases cited therein.

While this Court, for obvious reasons, has always respected the sanctity of grand jury proceedings and has been very slow to permit inspection of grand jury minutes, in this case are presented very persuasive arguments for a departure from an otherwise rather strict rule.

■ The grand jury was discharged more than ten years ago and, after the grand jury has been discharged, the temporary guarantee of secrecy ends and disclosure is proper where required in the interest of justice. United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. Ben Grunstein & Sons Co., supra; United States v. Proctor & Gamble Co., D.C.N.J.1956, 19 F.R.D. 122. As was pointed out by the Court in the Proctor & Gamble Case, "if the rule were otherwise, it would create an opportunity for abuse by a corrupt witness who could testify falsely without fear of his lies being revealed to public scrutiny and reaction." 19 F.R.D. at page 126.

■ Moreover, this case is, in part, based upon the same matters as were before the grand jury, and the plaintiff himself has put in issue his 1947 testimony by now stating that he "may have said something that wasn't quite true." Without intending to state a general rule, in this case certainly the defendant should be entitled to confront this witness with his prior testimony.

There is one further reason for denying the government's motion. That is the peculiar situation which is presented by virtue of the position of counsel for the plaintiff who, because of his connection with the government's case against United, undoubtedly has full knowledge of the testimony which the defendant seeks in its subpoena. The Court feels that the spirit of the Federal Rules of Civil Procedure dictates that no evidence which is calculated to do justice should be suppressed by either side.

The motion to quash is denied.