HOWARD v. DICKIE.

1. SLANDER—PRIVILEGED COMMUNICATIONS—CHURCH CONFERENCE.
   A statement by a member of a conference called for the election of church trustees, concerning the character of one of the nominees, in response to an inquiry as to why he opposed his election, when made in good faith and without malice, is privileged.

2. SAME—MALICE—EVIDENCE.
   The fact that the person making the statement had previously notified the pastor that he should oppose the election of the person against whom the statement was directed has no tendency to show malice.

3. SAME.
   The falsity of a privileged statement is no evidence of malice, unless accompanied by proof that its author knew it to be untrue.

Error to Calhoun; Smith, J. Submitted January 26, 1899. Decided May 23, 1899.

Case by Henry Howard against Samuel Dickie for slander. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*T. E. Barkworth*, for appellant.

*Parkinson & Campbell*, for appellee.

MONTGOMERY, J. This is an action for verbal slander. The circuit judge, at the close of the plaintiff's case, directed a verdict for the defendant, and plaintiff brings error. The plaintiff and defendant were trustees of the Methodist Episcopal Church of Albion. A quarterly conference was called for the purpose of electing trustees for the ensuing year. The defendant was an official member of such conference, and entitled to a vote. The trustees were, in accordance with the church discipline, nominated

by the pastor. Among the names proposed was that of the plaintiff. The defendant thereupon moved that the name of F. W. Freese be substituted for that of plaintiff. A member of the board arose, and asked defendant for his reason for making the motion. The testimony is not entirely agreed as to what defendant said in response to the inquiry, but the disagreement is not, perhaps, substantial. If it were, the statement bearing most strongly against the plaintiff must be assumed to have been made. This is that the plaintiff was dishonest; that he was untruthful in his business dealings; that he was not only dishonest in his business, but that also in the church he failed to live up to the vows he took when he joined; that this was common talk; that he (defendant) frequently heard it on the street. Defendant also stated that he was sorry Howard was not there; that he would prefer to say whatever he said in the presence of Mr. Howard. He also said his personal relations with Mr. Howard had always been pleasant. Another witness testified that defendant, on a previous occasion, had referred to a charge that plaintiff had not kept his word in regard to the purchase of the college farm; that he had refused to carry out a verbal contract for the purchase of the farm.

The plaintiff was called as a witness in his own behalf, and testified that he had not been guilty of dishonesty and deceit in his business dealings. The circuit judge was of the opinion that the occasion was privileged, that there was no proof of express malice, and that, therefore, the plaintiff was not entitled to recover. The ruling is challenged on both grounds. It is urged that the occasion was not privileged, for the reason that, if the defendant believed that the plaintiff was wanting in integrity, or that he failed to live up to his vows as a member of the church, it was defendant's duty to take steps to expel plaintiff from the church, rather than to attempt to prevent his election to an office in the church. We cannot assent to his view. The defendant was called on to vote for or against the plaintiff, and it was certainly his duty,

or at least his privilege, to make known, in response to an inquiry from another member of the conference, any facts within his knowledge which bore upon the question of plaintiff's fitness for the place; and if this was done without malice, and in good faith, we have no doubt it was privileged. *O'Donaghue* v. *M'Govern*, 23 Wend. 26; *Dial* v. *Holter*, 6 Ohio St. 228; *Shurtleff* v. *Stevens*, 51 Vt. 501 (31 Am. Rep. 698); *Kirkpatrick* v. *Eagle Lodge*, 26 Kan. 384 (40 Am. Rep. 316); *Howard* v. *Thompson*, 1 Am. Lead. Cas. 167, note.

The question whether there is any evidence justifying an inference of malice is more difficult of determination. The rule is well settled that, when it appears that the occasion is privileged, the plaintiff has the burden of proving actual malice. The rule is stated in a note to *Howard* v. *Thompson*, 1 Am. Lead. Cas. 167:

"The showing of a privileged occasion *prima facie* removes the quality of malice, and puts upon the plaintiff a necessity of showing express or actual malice; and, if this be proved, the defense entirely fails. And this express proof of malice appears to consist in all cases in showing *mala fides* in the defendant,—that is, that the occasion was made use of colorably, as a pretext for wantonly injuring the plaintiff; and this express malice, being matter of fact and motive, is, upon sufficient evidence, a question for the jury. The fact that the words were consistent with malice is not enough; they must be inconsistent with *bona fides*."

We have held that malice may be inferred from circumstances under which the publication takes place in some cases, as that the slander was uttered in the presence of third persons, when no necessity existed for so public an accusation. *Garn* v. *Lockard*, 108 Mich. 196. So, too, if it be shown that the alleged slanderous statement was known to be untrue, this is sufficient proof of malice. *Harrison* v. *Howe*, 109 Mich. 476. But in this case there is no evidence of actual malice unless it be held that the evidence tending to show that the charges made were ill founded is sufficient for that purpose. There was noth-

ing in the manner of the defendant on the occasion in
question to indicate ill will towards the plaintiff; on
the contrary, the evidence negatives this. No previous
utterances of defendant tend to show malice. True, it
appeared that the defendant had previously notified the
pastor that he should oppose the re-election of the plaintiff
as a member of the board of trustees, but this does not
tend to show malice. If he had the right to oppose plain-
tiff's re-election, he had the right to give notice of his in-
tended action. The case, then, must turn upon the ques-
tion whether malice was made out by proof that the
charges made were not true in fact, without additional
evidence that they were known by the defendant to be
untrue. If the privilege is to prove of actual value to the
defendant, it would seem that it is quite unsafe to say
that evidence that the statements made are untrue in fact
establishes malice. The truth of the words may always
constitute a defense. To remove privilege by evidence of
the untruth of the words spoken would therefore leave one
acting under a qualified privilege in practically no better
attitude than one who can plead no such privilege. This
question was before the court of queen's bench in *Foun-
tain* v. *Boodle*, 3 Q. B. 5. It was said by Patteson, J.,
"Falsehood in fact is no proof of malice, unless the proof
involves knowledge of the truth." In *Somerville* v. *Haw-
kins*, 10 C. B. 583, it was said that the supposition that
defendant believed the charge is always to be made when
the question is whether a communication is privileged
or not. In *Harris* v. *Thompson*, 13 C. B. 333, it
was said by Williams, J., citing *Fountain* v. *Boodle:*
"The mere circumstance of the statement being false will
not suffice to show malice, unless there is some evidence to
show that the defendant knew it to be false."

The direction of the learned circuit judge was right.
The judgment will be affirmed.

The other Justices concurred.