SCHULTZ v. GULDENSTEIN.

1. Libel and Slander—Publication—Privilege.

Where, in an action for slander, there is evidence tending to prove that a report or charge, for which defendant was responsible, came to the knowledge of plaintiff and her husband, in consequence of which plaintiff's husband, to the knowledge of plaintiff, called upon defendant, where, in answer to questions, defendant repeated the accusation, and there is evidence that plaintiff, though she had knowledge of her husband's purpose to call on defendant, discouraged his going, it cannot be said there is no evidence of publication.

2. Same.

So of another occasion, when plaintiff's husband called her to the door as defendant was passing, and had him repeat the charge; the inference arising from the testimony that she procured the interview at most making it a question for the jury whether she was in effect asking defendant, through her husband, if he still believed the charge, and thus rendering defendant's answer absolutely privileged, if honest.

3. SAME — JUSTIFICATION — PLEA — NECESSITY — INSTRUCTIONS—
·. HARMLESS ERROR.

Where, in an action for slander, there is no evidence tending to
prove that plaintiff was guilty of the charge made by the
slanderous statement, an instruction that, because no plea of
justification has been filed, and no claim made that plaintiff
is guilty of the charge, a conclusive presumption arises that
plaintiff is not guilty, though erroneous, is not prejudicial.

4. APPEAL AND ERROR.—EVIDENCE—CERTIFICATE.

Where the bill of exceptions is not certified as containing all
the evidence, a statement by the trial judge, in overruling a
motion for a new trial, that there is no evidence tending to
prove a particular fact, will be taken as true, not being dis-
puted by counsel for appellant.

5. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—MALICE.

Where the only publication of an alleged slanderous statement,
declared upon and proved, appears to have been to plaintiff's
husband alone, in response to questions asked defendant by
him, the publication was qualifiedly privileged, and is not
actionable unless shown to be both false and malicious.

6. SAME—EVIDENCE—BURDEN OF PROOF.

In such case the burden is upon plaintiff to prove defendant's
knowledge of the falsity of the charge made.

7. SAME—EVIDENCE—MALICE—OTHER PUBLICATIONS.

Where, in an action for slander, the publication declared upon
was made under such circumstances that it was qualifiedly
privileged, and defendant is not liable unless the charge was
false and he knew it to be false, evidence that he also re-
peated the charge to others has no tendency to prove his
knowledge of its falsity, and is therefore not admissible.

Error to St. Clair; Law, J. Submitted January 9,
1906. (Docket No. 37.) Decided July 3, 1906.

Case by Mary Schultz against Frederick Guldenstein
for slander. There was judgment for plaintiff, and de-
fendant brings error. Reversed.

*Thomas Wellman* (*Sloman & Sloman,* of counsel),
for appellant.

*Cady & Crandall,* for appellee.

OSTRANDER, J.   The declaration charges that on February 15, 1902, defendant, in answer to a question asked him by plaintiff's husband, said: "Yes, she has it. I surely did not think it was possible she could do it. What I have seen, that I can swear to; and I also do swear to it, and I take nothing back." The question was: "Are you positive in your mind that my wife has stolen the money?" This occurred at the home of defendant, where the husband had called for the purpose of talking about the matter. No one else was present. It is also averred that on April 19, 1902, plaintiff's husband asked defendant the following question: "Do you yet say that my wife has stolen the money?" and was answered "Yes." As to this alleged utterance, it was testified by plaintiff's husband that he asked defendant to stop in front of his (witness') house and he would ask his wife to come out. His wife did come out, and in her presence the conversation took place. No one but plaintiff, her husband, and defendant was present. The jury returned a verdict for $500, upon which judgment passed for plaintiff. The parties are neighbors, living some 40 or 50 rods from each other, are Germans, and speak the German language. The questions and answers set out were in the German tongue. The plea was the general issue. Defendant's motion for a new trial was denied.

Counsel for appellant discuss claimed errors under six heads, which may be stated under four, as follows:

(1) Plaintiff did not make out her case, and a verdict upon her case as made should have been directed for defendant. This includes as a separate proposition the claim that no recovery under the second count of the declaration was warranted.

(2) The court erred in saying to the jury in his charge that because defendant had filed no notice of justification—truth of the matter alleged to have been spoken—it must be conclusively presumed that defendant had nothing do with the loss of plaintiff's money.

(3) There was no evidence of malice.

(4) The verdict was against the weight of the evidence.

The record discloses that difficulty was experienced in putting in some of the most important testimony, growing out of the fact that some witnesses could not express themselves in English and requiring that an interpreter be used. He (the interpreter) said, in response to a question asked by the court, that plaintiff's husband had a "dialect," from which it is understood that he did not speak pure German, nor the ordinary German of conversation. A careful reading of so much of the testimony as is incorporated in the bill of exceptions leaves it doubtful what was said by defendant upon either of the occasions mentioned in the declaration. The jury has found, under instructions, that the words set out in the declaration, or the substance of them, were uttered, and that they amounted to a charge of larceny.

1. Assuming the facts in this regard to be as found, the contention of appellant that the maxim, "Volenti non fit injuria," should be applied to both occasions and both alleged publications, is considered. There is evidence tending to prove that a report or charge, for which defendant is responsible, came to the knowledge of plaintiff and her husband, in consequence of which, after some delay, the husband, to the knowledge of plaintiff, first called upon defendant. It does not appear that she directed or encouraged the interview. According to her testimony, she rather discouraged it. The facts are not like those in the case of *Shinglemeyer* v. *Wright*, 124 Mich. 230 (50 L. R. A. 129), and we are unable to say that there was not, at the first interview, a publication of whatever charge defendant then made. And so of the second interview. The jury might have inferred that plaintiff knew the purpose for which her husband called her out of her house and into the presence of defendant and that she was, in effect, through her husband, asking defendant if he still made the charge against her. On the other hand, it is inferable, from the testimony, that she had no part in procuring or being present at the interview. The question was submitted to the jury as one of fact, in connec-

tion with the instruction that if they found the interviews to have taken place by direction of or by an understanding with plaintiff, and defendant made honest answers, then the communications were absolutely privileged. It was not made a distinct and single issue of fact, nor was the court requested to take the judgment of the jury thereon. I am not able to dispose of the case upon the reasons stated under the first head.

2. In the charge, the jury were told that, because no plea of justification had been filed and no claim made by defendant that plaintiff did steal his money, it resulted, and was a conclusive presumption, that plaintiff had nothing to do with the loss of the money. In giving reasons for refusing a new trial, the learned judge says there was error in this portion of the charge, but that it was not prejudicial to defendant because, upon examination of all the evidence given upon the trial, he finds none tending to prove that plaintiff stole the money; that "if the court had recognized the right of the defendant to show, under his plea of the general issue, that plaintiff did actually steal his money, but had instructed the jury that it must find under the evidence that she did not do so, that she had proved as a fact that she had nothing to do with the larceny of the money, it would not have been error." The bill of exceptions is not certified as containing all of the evidence given upon the trial, so that an examination, to find whether the statement of the trial judge is supported, could not result in a verification of his statement. Counsel for appellant do not dispute the statement. I assume that he correctly stated the fact, and upon this assumption 'there was no error prejudicial to defendant committed.

3. It is said there was no evidence of malice. The trial judge was of opinion, and so charged the jury, that a qualified privilege attended the utterances complained about, and that if the statements were made in good faith, without malice, there could be no recovery. In this, the court was right. The circumstances were such as to preclude

any presumption of malice, and defendant would be responsible only in case both falsehood and malice were made affirmatively to appear. Cooley on Torts, p. 210; *Howard* v. *Dickie*, 120 Mich. 238. The charge states, generally, the rules of law upon this subject in a manner favorable to defendant. But the court also said to the jury:

" In determining whether the defendant acted with malice in making these answers   *   *   *   you have a right to take into consideration other utterances of the defendant in regard to the subject made at other times and places.   *   *   *   You have a right to take into consideration the conduct of the defendant regarding this whole matter as you find it from the testimony.   *   *   *
" If defendant communicated to plaintiff's husband a criminal charge against the plaintiff,   *   *   *   and in so doing acted wantonly and recklessly, you may consider such reckless and wanton conduct as bearing upon the question of malice."

Error is assigned upon this portion of the charge. This court has repeatedly affirmed the rule that it is the occasion which determines the question of privilege (*Bacon* v. *Railroad Co.*, 66 Mich. 166; *Garn* v. *Lockard*, 108 Mich. 196); and the language is only proper to be considered in connection with the question of malice. In the case at bar, the circumstances of the publications negative malice. They were not publicly made, nor made at all, except in answer to questions asked by one who had the right to ask them and to be answered. The occasion was not abused. The language used does not indicate hatred or ill will. If, however, they were known by defendant to be untrue, and this is a question of fact, the jury might from this fact alone find malice. *Howard* v. *Dickie*, 120 Mich. 238; *Harrison* v. *Howe*, 109 Mich. 476. The jury were properly charged that the burden was upon plaintiff to prove defendant's knowledge of the falsity of the charge made.

All of this, however, does not reach the point of determining whether evidence of other utterances of similar

character, not privileged, was admissible for the purpose of proving malice. The general rule is not questioned. This, however, is not a case for its application without restrictions. Plaintiff had the burden of proving an abuse of privilege. Such abuse is not to be found in the words spoken, the manner of speech, or the presence in which they were spoken. Defendant is protected, unless the charge was false and he knew it to be false. Evidence that he repeated the charge does not tend to prove the fact that he knew the charge to be false, any more than it does to prove the fact that the charge was false; that is to say, not at all. The jury should have been required to find the proof that the defendant, upon the occasions selected and declared upon by plaintiff, knowingly published a false charge, in other evidence than that of mere repetitions of the charge.

The case does not demand further consideration. For the reason given, the charge was erroneous.

The judgment is reversed, and a new trial granted.

McALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.