ABE VIAL v. LEWIS LARSON, Appellant.

**Slander:** PRESUMPTION AS TO MALICE: PRIVILEGED STATEMENTS: BURDEN OF PROOF. A presumption of malice arises from the making of derogatory statements concerning the competency or fitness of a person for his trade or profession and such statements are slanderous *per se;* but if the statements are privileged the presumption is thereby overcome and the burden is upon the injured party to prove malice.

**Appeal:** STATEMENT OF TESTIMONY: COURT RULES. The rules of the Supreme Court do not authorize setting out the entire evidence of each witness in the argument of counsel.

*Appeal from Hancock District Court.*— HON. C. H. KELLEY, Judge.

WEDNESDAY, NOVEMBER 14, 1906.

Action to recover damages for slander. There were several counts in plaintiff's petition, but the issues as to all but two of them were withdrawn from the jury, and the damages allowed as to one of these were remitted by plaintiff. Defendant appeals from judgment rendered against him on the verdict in plaintiff's favor under the issues raised on the remaining count of the petition. *Reversed.*

*John Hammill* and *J. J. Clark,* for appellant.

*Senneff & Bliss,* for appellee.

McCLAIN, C. J.— The evidence tended to show that plaintiff is by trade a painter; that defendant as a member of the school board of the independent school district of Britt, was asked by one Kleaveland, who was entering into a contract for the erection of a schoolhouse for the independent district, and who was about to sublet a contract for the painting, as to plaintiff's fitness for doing the work; and that, in response to this inquiry, defendant answered that he thought plaintiff was not the man the contractor wanted, and that he could not be relied upon, " as he might use stuff there that was not called for in the specifications." The verdict, so far as it was made the basis of the judgment, was for actual and exemplary damages in the use of such language by defendant to Kleaveland with reference to plaintiff, his fitness as a workman in his trade.

The court instructed the jury that the communication was privileged, and if, at the time defendant talked with Kleaveland, " he had reasonable grounds to believe and did honestly believe that what he said about plaintiff was true; or if such statements were, in fact, true, then the plaintiff is not entitled to recover any damages in this action, and if you so find from the evidence introduced upon the trial, your verdict should be for the defendant. The burden is upon the defendant to so prove." The giving of this instruction is assigned as error, and we think the assignment of error is well founded. Malice is presumed from the making by one person of derogatory statements with reference to another in regard to his competency or fitness for his trade or profession, and such derogatory language is slanderous *per se*. Newell, Slander & Libel (2d Ed.), 182, 393. But, if the communication is privileged, the imputation of malice is negatived, and the injured party can recover damages only on proof that the statements are malicious. The burden of proving this fact is, under such circumstances, upon the plaintiff. *Nichols v. Eaton,* 110 Iowa, 509; *Morse v.*

1. SLANDER: presumption as to malice: privileged statements: burden of proof.

*Times-Republican Printing Co.,* 124 Iowa, 707; *Marks v. Baker,* 28 Minn. 162 (9 N. W. 678); *Howard v. Dickie,* 120 Mich. 238 (79 N. W. 191); *Missouri Pacific R. R. Co. v. Richmond,* 73 Tex. 568 (11 S. W. 555, 4 L. R. A. 280, 15 Am. St. Rep. 794); *Bradley v. Heath,* 12 Pick. (Mass.) 163 (22 Am. Dec. 418); *Lauder v. Jones,* 13 N. D. 525 (101 N. W. 907); *Hebner v. Great Northern R. Co.,* 78 Minn. 289 (80 N. W. 1128, 79 Am. St. Rep. 387); *Chaffin v. Lynch,* 84 Va. 884 (6 S. E. 474); Newell, Slander & Libel (2d Ed.) 324, 392. Proof of untruthfulness of the statements would not show that they were maliciously made. *Howard v. Dickie,* 120 Mich. 238 (79 N. W. 191); *Chaffin v. Lynch,* 84 Va. 884 (6 S. E. 474); Newell, Slander & Libel (2d Ed.) 325. The instruction in question was therefore clearly erroneous, for the occasion of the communication made by defendant was such that his derogatory statements were privileged, and the burden of proof was not upon him to show absence of ill will or malice, which would otherwise be inferred from the derogatory character of the statements alone. The instruction was erroneous in throwing an undue burden on the defendant, and for this error it will be necessary to reverse the judgment.

Many errors are assigned with reference to rulings on the introduction of the evidence, but as the same questions are not likely to arise if the rules of law already stated are observed in the trial of the case, it is not necessary to discuss them. Any evidence, tending to show express malice, was competent in behalf of the plaintiff. Any evidence, tending to show good faith on the part of defendant in making the charges complained of, would be admissible as negativing malice on his part.

The appellant has set out in his argument a statement 2. APPEAL: statement of testimony: court rules. of the testimony of each witness on examination, on cross-examination, on re-direct examination, etc. This is not authorized by Rule 54, as has been pointed out in the case of *Wiltsey's Will,* 109 N. W. (Iowa) 776.

For the error above indicated, the judgment of the trial court is reversed, and the case remanded for further proceedings as to the count, of plaintiff's petition on which the judgment was rendered so far as affected by this appeal.  *Reversed.*