FORTNEY *v.* STEPHAN.

1. LIBEL AND SLANDER—PRIVILEGE—INVITATION BY PUBLIC OFFICER TO PUBLISH CREATES OCCASION OF QUALIFIED PRIVILEGE ONLY.

In an action by a sheriff for libel based on the publication of a series of articles in a newspaper charging plaintiff with gross misconduct in office, an instruction by the trial court to the effect that incumbency of the office of sheriff of itself would make the publications in question absolutely privileged, if invited, was error; said invitation, if a fact, creating an occasion of qualified privilege only.

2. SAME—MALICE—GOOD FAITH—RESPONSE TO INVITATION TO PUBLISH.

A party publishing a libel may not take advantage of the occasion brought about by invitation or challenge to publish to indulge his malice, but, in responding, must do so in good faith and not go beyond the occasion.

¹Libel and Slander, 36 C. J. § 215; 37 C. J. § 556; ²Id., 36 C. J. § 215; 18 A. L. R. 1160; 17 R. C. L. 342; 3 R. C. L. Supp. 658; 4 R. C. L. Supp. 1123; 5 R. C. L. Supp. 940; 6 R. C. L. Supp. 1008.

3. SAME—TRIAL—INSTRUCTIONS—ABSOLUTE PRIVILEGE — HARMLESS ERROR.

> An instruction by the trial court, in an action by a sheriff for libel, that invitation by plaintiff to publish alleged libelous articles, if a fact, would create an occasion of absolute privilege, although erroneous, was not prejudicial, where the court further explained to the jury that the question of qualified privilege was involved, and frequently and emphatically told them that defendant was liable if he showed malice and did not act in good faith, and it is apparent that they could not have been misled by the erroneous instruction.

4. SAME—INVITATION TO PUBLISH.

> Evidence *held*, sufficient to justify the jury in finding that plaintiff was a party to an invitation or challenge issued to certain individuals to publish reports made to them by certain detectives.

5. SAME—PUBLICATION NOT IN RESPONSE TO INVITATION.

> Where the publication of alleged libelous articles was not in response to an invitation to publish the report of certain detectives, the trial court was in error in submitting to the jury the question as to whether or not plaintiff was a party to said invitation.

6. SAME—PRIVILEGE—TRIAL—INSTRUCTIONS—HARMLESS ERROR.

> Error of the trial court in submitting to the jury the question as to whether or not defendant was invited or challenged by plaintiff to publish alleged libelous articles was not prejudicial, where it only went to raise the question of qualified privilege, which was already in the case, and the jury should have been instructed that, as a matter of law, said publication was qualifiedly privileged.

7. SAME—QUALIFIEDLY PRIVILEGED PUBLICATIONS NOT ACTIONABLE UNLESS MADE IN BAD FAITH OR MALICIOUSLY.

> Publications qualifiedly privileged are not actionable unless made in bad faith or with actual malice or without reasonable cause to believe them true.       \

8. SAME—IMPUTATION OF CRIME MAY BE QUALIFIEDLY PRIVILEGED EVEN IF FALSE IF MADE IN GOOD FAITH.

> In the absence of malice, an utterance may be qualifiedly

---

³Libel and Slander, 37 C. J. §§ 556, 561; ⁴Id., 37 C. J. § 472; ⁵Id., 37 C. J. § 556; ⁶Id., 37 C. J. § 561; ⁷Id., 36 C. J. § 167; ⁸Id., 36 C. J. § 166.

privileged, even though it is not true, and notwithstanding the fact that it contains a charge of crime.

9. SAME—WHERE DEFENSE OF FAIR COMMENT RELIED ON MALICE NOT NECESSARILY INVOLVED.

Where, in an action for libel by a public officer, the defense of fair comment and criticism is relied on, malice is not necessarily involved, and plaintiff may recover without a showing of actual malice.

10. SAME — TRIAL — INSTRUCTIONS — FAIR COMMENT — HARMLESS ERROR.

An inadvertent reference by the trial judge, in his instructions to the jury in an action for libel by a public officer, that he may not complain of fair comment and criticism, although erroneous because said defense was not pleaded, *held*, not prejudicial, where, in the main, the charge was a clear and correct exposition of the law of ' libel as applicable to the facts of the case, and the jury must have understood the issue submitted to them.

Error to Ottawa; Cross (Orien S.), J. Submitted October 5, 1926. (Docket No. 4.) Decided April 1, 1927. Rehearing denied July 29, 1927. Opinion in 239 Mich. 499.

Case by Delbert Fortney against Evart P. Stephan for libel. Judgment for defendant. Plaintiff brings error. Affirmed.

*Charles E. Misner,* for appellant.

*Robinson & Parsons, Charles H. McBride,* and *Diekema, Kollen & Ten Cate,* for appellee.

McDONALD, J. This is an action for libel based on the publication by the defendant of a series of articles in the Holland Sentinel, a newspaper published and circulated in Ottawa county, Michigan. At the time of the publication the plaintiff was sheriff of Ottawa county. The defendant was ex-mayor of the city of Holland. The newspaper articles complained of were five in number and were written by the defendant and

⁹Libel and Slander, 36 C. J. § 291 (Anno); ¹⁰Id., 37 C. J. § 561.

caused to be published in the Holland Sentinel on August 25, 27, 28, 29, and 30, 1924. They charged the plaintiff with gross misconduct in office, in that for a money consideration he gave protection to violators of the liquor law; that, during his administration as sheriff of Ottawa county, the enforcement of the liquor law in that county, particularly in Robinson township, was a farce; that one Mrs. Hoen, a resident of Robinson township, had written to the plaintiff complaining of conditions in that township; that instead of trying to remedy the conditions complained of he turned her letters over to another party for use in a slander suit against her; that because she had made such complaint he caused her arrest on several occasions on various pretexts, illtreated her while she was under arrest and in many other ways persecuted and annoyed her. The plaintiff claims that these charges are false, that they were published by the defendant in bad faith and with a malicious intent. To recover damages therefor, he began this suit. The defendant admits the publications, but insists that the words there spoken of and concerning the plaintiff are true; that they were justified by the occasion, and therefore were qualifiedly privileged; that the plaintiff was a public official, that what was written and published about him was in the public interest; that he acted in good faith, without malice and with reasonable cause to believe that what he stated was true. The issue was submitted to the jury and the defendant received a verdict of no cause of action, on which judgment was entered. The plaintiff has brought error.

Most of the assignments relate to the charge of the court. It is urged that the following instructions are erroneous:

"I charge you, therefore, the incumbency of the office of sheriff of itself does not make the publications in question absolutely privileged unless invited, as

hereinbefore stated, but it may create an occasion of a qualified privilege, and that wherever a qualified privilege exists, the plaintiff must not only prove that the publications were false, but must also prove that they were made with malice towards the plaintiff. * * *

"For, as I have said, where a qualified privilege exists the plaintiff cannot recover even if the publications were false, if they were made in good faith and without malice."

We find no error in these instructions except in that portion which stated, in substance, that incumbency of the office of sheriff of itself would make the publications in question absolutely privileged if invited. There was no question of absolute privilege in this case. The fact of an invitation such as is claimed here would create an occasion of qualified privilege only. A party publishing a libel may not take advantage of the occasion brought about by invitation or challenge to indulge his malice, but, in responding, must do so in good faith and not go beyond the occasion. So in stating that the occasion was one of absolute privilege, if the publications were invited, the court deprived the plaintiff of his right to recover even though the defendant used the occasion to publish statements with a malicious intent knowing that they were false. However, we are not inclined to think that the jury so understood it, or that the court intended that they should. He evidently spoke inadvertently, for he had just explained to the jury that good faith and malice were involved in a communication qualifiedly privileged, but that the plaintiff could recover if defendant showed malice and bad faith. These elements of the case were stressed in other portions of the charge. He frequently and emphatically told the jury that the defendant was liable if he did not act in good faith. We are satisfied that they well understood that the plaintiff was entitled to recover if he showed that the publications

were not made in good faith, but with a malicious intent. In view of this, we think that the bare mention of absolute privilege, without stating that it was not actionable, did not mislead the jury and was not prejudicial to the plaintiff.

In this connection counsel for the plaintiff urges that the question of invitation or challenge was not involved, and that the court was wrong in submitting it to the jury. The invitation or challenge to publish was not made directly by the plaintiff, but was made by the prosecuting attorney, who assumed to act for himself and the plaintiff. It reads as follows:

"The prosecuting attorney and sheriff are now in possession of the names of certain men at Holland and they both challenge these gentlemen to publish in full the reports made them by the detectives."

The plaintiff claims that he had nothing to do with this challenge, that he did not authorize it or ratify it. While we think that there is evidence which would justify a jury in finding that the plaintiff was a party to the challenge we do not think it was involved in the case, because the defendant's publications were not in response to it. He was not one of the men to whom the challenge was addressed. The men referred to were certain citizens of Holland, who had been selected to act as a committee to investigate the rumors of misconduct on the part of the sheriff in the administration of his office. They employed detectives to investigate and report to them. The prosecuting attorney whose name had been used in some of the rumors, and who seems to have felt that the sheriff was not getting a square deal, learned who composed the committee and issued a challenge to them to publish in full the reports of the detectives. The defendant accepted the challenge. At least he said that he did in his opening article of the series. But, though he wrote and published five articles concerning the

prosecuting attorney and the sheriff, he had not reached the reports of the detectives when he suspended further publication. If any damage was done to the plaintiff, it was not by answering his invitation to publish the reports of the detectives. In view of the undisputed facts that the publications were not in response to the invitation, we think the court was not justified by the evidence in submitting that question to the jury. But we do not see how it was harmful to the plaintiff. It only went to raise the question of qualified privilege, and that was already in the case. Regardless of invitation, the articles were published under circumstances that made the occasion one of qualified privilege. While the court left that question to the jury, he should have instructed them as a matter of law that the publications were qualifiedly privileged. That would have left for the jury's determination only the question of the truth of the publications, the bad faith and actual malice of the defendant. In fact, that was all that was involved, and as that was saved to the plaintiff he could not have been injured by permitting the jury to determine whether the publications were qualifiedly privileged because of the challenge.

Counsel for the plaintiff insists that there was no question of privilege in the case for the reason that the publications charge the plaintiff with criminal conduct, and an intentional neglect of his duties as sheriff. Counsel is in error, because it is the occasion and not the language of the publication that creates the privilege. In *Madill* v. *Currie,* 168 Mich. 546, this court said:

"A perusal of this and other portions of the charge indicate clearly that the court repeatedly instructed the jury that the defendant could not be privileged in imputing to the plaintiff the commission of a crime. This we do not understand is the law of this State.

237—Mich.—39.

See *Bacon* v. *Railroad Co.*, 66 Mich. 169-171; *Schultz* v. *Guldenstein*, 144 Mich. 636-641, and cases there cited, holding that the occasion determines the privilege."

The publications in question, being qualifiedly privileged, are not actionable unless made in bad faith, or with actual malice or without reasonable cause to believe them to be true. In *Schultz* v. *Guldenstein*, *supra*, it was said:

"The trial judge was of opinion, and so charged the jury, that a qualified privilege attended the utterances complained about, and that if the statements were made in good faith, without malice, there could be no recovery. In this the court was right. The circumstances were such as to preclude any presumption of malice, and defendant would be responsible only in case both falsehood and malice were made affirmatively to appear. Cooley on Torts, p. 210; *Howard* v. *Dickie*, 120 Mich. 238."

The fact that the charges were false is not sufficient to remove the privilege. It must further appear that the defendant knew them to be false or made them without reasonable evidence of their truth, or made them in bad faith with actual malice. It follows that a showing that the publications are false is not sufficient evidence of malice. Therefore, counsel for the plaintiff is wrong in insisting that the court should have instructed the jury that if the publications were false the defendant was liable. In so insisting, counsel overlooks the fact that, where a qualified privilege exists, malice is a necessary element of a plaintiff's case.

"In the absence of malice an utterance may be qualifiedly privileged, even though it is not true, and notwithstanding the fact that it contains a charge of crime." 17 R. C. L. pp. 341, 342.

There is some conflict in the authorities on this question, but the rule in Michigan is as stated in Ruling Case Law, which is cited with approval by Mr.

Justice SHARPE, in *Westerhouse* v. *DeWitt*, 215 Mich. 295.

Complaint is also made of the charge relative to fair comment and criticism. The instruction was as follows:

"The undisputed testimony shows that the publications were made while the plaintiff held the office of sheriff of Ottawa county, and I charge you that by becoming a public officer one places before the public his character and conduct so far as they are relevant to his fitness for the office which he holds, and he cannot complain of fair comment and criticism thereon if made for a proper purpose and without actual malice."

This instruction does not correctly state the law. Malice is not necessarily involved in fair comment, and, where that doctrine is relied on as a defense, the plaintiff may recover without a showing of actual malice. *Van Lonkhuyzen* v. *Daily News Co.*, 203 Mich. 570.

If fair comment and criticism had been involved in the instant case, if the court had done more than to make a slight reference to it and had not fully, fairly and correctly charged the jury on the only defense, which was that of qualified privilege, we should be compelled to hold that the instruction complained of is reversible error. But "fair comment and criticism" was not pleaded as a defense. Under the evidence it could not have been a defense, because the publications charged particular acts of misconduct and did not purport to be a comment on facts. In stating the claims of the defendant, the court made no reference to it. It was a question on which the plaintiff was not entitled to any instruction. Immediately preceding and immediately following its use in the charge, the court was discussing qualified privilege. The use of the words was undoubtedly unintentional. He did not elaborate on the statement or attempt to state the rule as to fair comment. That the jury could be misled to the plaintiff's prejudice by such a slight and in-

complete reference to a matter that was not in issue is very improbable. In the main, the charge of the court was a clear and correct exposition of the law of libel as applicable to the facts of the case. We are satisfied that the jury well understood the issue which was submitted to them. However, the particular instruction complained of, when separated from its setting, was wrong, but under the circumstances was not harmful to the plaintiff or of any benefit to the defendant.

Our examination of the entire record shows no substantial or harmful misdirection of the jury and no improper admission or rejection of testimony. The evidence is persuasive that, in the verdict of no cause for action, the plaintiff got all that he had coming.

Assignments of error other than those which we have here considered have been examined and found to be without sufficient merit to require discussion.

The judgment is affirmed, with costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, and CLARK, JJ., concurred. WIEST, J., concurred in the result.