GROSS v ABERNATHY

1. LIBEL AND SLANDER—QUALIFIED PRIVILEGE.

A publication is conditionally or qualifiedly privileged where circumstances exist or are reasonably believed by the defendant to exist which cast upon him the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do; a qualified privilege from tort liability for slander exists between a defendant and a third party where the third party was the superintendent of a job where plaintiff was laying tile, the plaintiff had previously been employed by the defendant, and the communication was that the tile that was being used on the job belonged to defendant and had been stolen by the plaintiff.

2. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—FINDINGS OF FACT—REASONABLENESS.

A qualified privilege from tort liability for slander may be lost by the defendant if it is abused or improperly exercised; to sustain a finding that a qualified privilege exists a trial court must do more than find the statement was made in good faith; it must, where the record raises some doubt as to the reasonableness of defendant's course of action, determine whether the privilege was reasonably exercised.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 12, 1972, at Lansing. (Docket No. 13127.) Decided June 25, 1973.

Complaint by Robert G. Gross against Billie Abernathy for damages for slander. Judgment for defendant. Plaintiff appeals. Reversed and remanded for further proceedings.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Libel and Slander §§ 196–198.

*Howard C. Fisher,* for plaintiff.

*Stecco, Wascha & Eakin,* for defendant.

Before: Fitzgerald, P. J., and McGregor and Targonski,* JJ.

Targonski, J. The plaintiff sued the defendant for an alleged slanderous statement which accused him of stealing tile from the latter.

The plaintiff is a professional tile layer, who had been employed by the defendant.

This suit arose out of a dispute between the parties concerning the defendant's belief that the plaintiff had stolen tile from him and was using it on the latter's jobs. This dispute resulted in a confrontation in Bay City between the plaintiff, defendant, and a Mr. Kerry, who was superintendent of a job where the plaintiff was laying tile. During the confrontation, the plaintiff alleged in his complaint, the defendant told Mr. Kerry that the tile that was being used on the job belonged to him and had been stolen by the plaintiff.

After proofs had been offered, the trial court held in favor of the defendant on the grounds that the statement in question fell within a classified privilege and that the statement, if made, was made without malice.

The sole issue raised on appeal is whether the trial court erred in finding that the defendant had a qualified privilege and that the statement was made without malice.

The general rule, with reference to the existence of a qualified privilege, was stated in *Bostetter v Kirsch Co,* 319 Mich 547, 558 (1948), as follows:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"A publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed by the defendant to exist, which cast on him the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do. This general idea has been otherwise expressed as follows: A communication made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation."

In the instant case, the trial court found that the defendant and Mr. Kerry were sufficiently interested in the communication to fall within the classified privilege. A review of the record reveals to this court that the interests of the parties to the communication were sufficient. Mr. Kerry certainly had an interest in knowing whether the tile being used on the project was paid for. Likewise, the defendant had a right to know whether the plaintiff was using his tile. Thus, we agree that a qualified privilege did exist in the instant case.

However, as the terms state, the privilege is qualified and may be lost by the defendant if it is abused or improperly exercised. In *Lawrence v Fox,* 357 Mich 134, 141–142 (1959), the rule was stated in the following manner:

"To be distinguished from the privilege of the occasion is the matter of the abuse thereof. The conditional privilege, asserted by defendants in the case before us, is, as the terminology suggests, a privilege subject to defeasance, subject to a condition, the condition being its exercise without abuse. Abuse may take place in

many ways. It may arise from lack of good faith in making the publication, *Mundy v Hoard,* 216 Mich 478 [1921], the primary motive being the gratification of personal hostility, spite, or ill will, or, as sometimes put, *Fortney v Stephan* [237 Mich 603 (1927)], publication with 'actual malice.' Abuse, also, may arise 'if the extent of its publication be excessive,' *Smith v Smith,* 73 Mich 445, 446 (3 LRA 52, 16 Am St Rep 594) [1889]. In other words, the protection which the occasion gives is 'conditioned upon the manner in which the privilege is exercised. The unreasonable exercise of privilege is an abuse of the occasion which defeats the protection otherwise afforded.' 3 Restatement Torts, § 599, comment (a). The case before us, in fact, involves allegations of precisely such abuse. Here it was asserted not only that the charges against plaintiff were false, but that 'they were made maliciously and with spite,' whereas in defense thereof it was asserted not only that the newspapers had a qualified privilege but that the statements made were said 'in good faith and without malice.' "

A review examination of the transcript in the proceedings below reveals that the trial court determined that the statement was made in good faith. However, the trial court never determined whether the privilege was reasonably exercised. The transcript raises some doubt as to the reasonableness of the defendant's course of action. There was no indication that the defendant knew or had any reason to believe that any tile was actually missing.

Thus, we must remand this case to the trial court to determine whether the privilege was properly exercised by the defendant.

Reversed and remanded. Costs to abide outcome.

All concurred.